BYRNES, Judge.
Relator, American National Property and Casualty, seeks review of the trial court’s judgment granting the respondent’s motion to compel discovery.
Respondent, Lucien Orfanello individually and in his capacity as Natural Tutor of the minor, Scott S. Orfanello, instituted suit for injuries sustained in a motor vehicle accident. Relator’s witness, Tina Fontenot was an independent witness to the accident. During the deposition of Ms. Fontenot, respondent’s attorney asked whether Ms. Fontenot had ever been arrested. Ms. Fontenot was instructed not to answer the question. The respondent then filed a motion to compel discovery, pursuant to LSA-C.C.P. art. 1469, requesting that Ms. Fontenot be ordered to answer the question. The trial court granted the motion to compel, and the relator subsequently filed this writ seeking review of the *418 trial court’s judgment. We grant the writ and reverse the judgment of the trial court.
Both the United States Constitution and the Louisiana Constitution guarantee every citizen the right of privacy. The Louisiana Constitution does not duplicate the Fourth amendment — it extends protection to all “invasions of privacy”, a general concept broader than the unreasonable search and seizures proscribed by the federal bill of rights. State v. Hernandez, 410 So.2d 1381 (La.1982). In the instant case, the witness’ right to privacy is in jeopardy, and the respondent’s reasons for wanting to invade that right are not permissible under current jurisprudence.
LSA-C.C.P. article 1422 delineates the scope of discovery as follows:
Unless otherwise limited by order of the court in accordance with this Chapter, the scope of discovery is as set forth in this Article and in Articles 1423 through 1425.
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. (Emphasis added.)
In this case, the respondent asserts that the question posed to Ms. Fontenot is within the realm of discovery because it is reasonably calculated to lead to evidence of any convictions of Ms. Fontenot, and possible impeachment evidence at trial. This assertion is without merit.
Any convictions of the witness may be discovered by direct questioning on that subject. Moreover, the respondent did ask the witness whether she had any convictions to which she replied in the negative. If the witness answered those questions falsely, the respondent may attempt to impeach her credibility in the course of the trial.
The second reason put forth by the respondent is that the witness may be impeached at trial with her response to the question. Respondent implies that if the witness answers the question at the deposition in the negative, and it is later learned that she has been arrested, then her credibility may be impeached at trial by questioning her about her arrests. Based on this reasoning, there would be absolutely no limit to deposition discovery because there is always the theoretical possibility that the witness might answer any question differently at the trial. Respondent’s argument would also apply to questions about the witness’ eating or sexual habits, which would not be permitted. This reasoning is without merit because the respondent is precluded from questioning the witness at trial about any arrests, just as he would be precluded from asking questions about the witness’ eating or sexual habits. Such issues are not relevant, nor are they reasonably calculated to lead to the discovery of admissible evidence, and to question the witness on such matters would be an unwarranted invasion of privacy.
LSA-C.E. art. 609 prohibits evidence of the arrest, indictment, or prosecution of a witness for the purpose of attacking his credibility. “It is well settled that evidence of arrest is not admissible for impeachment purposes except when it is independently relevant to show bias or interest.” Shepard v. State Farm Mutual Automobile Insurance Company, 545 So.2d 624 (La.App. 4th Cir. 1989), citing State v. Robinson, 337 So.2d 1168 (La.1976). [Emphasis added.] In Robinson, the witness had been questioned by the police about her involvement in the armed robbery for which the defendant was charged. Therefore, the questioning of the witness about any arrests was deemed to be relevant to show that the witness may have some interest in the outcome of the trial. The Robinson Court stated that “the cross-examination as to an arrest or indictment for the same offense may be permissible to show bias, interest or corruption (if the facts reasonably indicate such relevance), despite the *419 provisions of LSA-R.S. 15:49s[1] prohibiting use of indictments or arrest in impeachment of a witness when impeachment is based on the witness’s prior conviction.” Robinson, 337 So.2d at 1171. [Emphasis added.]
The respondents rely on Dubois v. State Through Dept. of Pub. Safety, 466 So.2d 1381 (La.App. 3 Cir.1985). That reliance is misplaced. The Dubois court noted that it is not proper to ask a witness at trial if that witness had ever been charged with a crime, regardless of whether the trial is criminal or civil. The court stated that such cross-examination must be limited to questions about prior convictions that might impeach the witness’ credibility.
The Dubois court treated the question of the witness’ deposition testimony as an issue that was totally unrelated to the issue of the witness’ arrests and convictions.
In the alternative the State further argues that the trial court should have excluded Haymon’s trial testimony because he refused to answer the State’s earlier questions in a deposition during discovery. [Emphasis added.]
[[Image here]]
Furthermore, Haymon’s testimony at trial was not excludable because of his earlier refusal to answer the State’s questions in a deposition taken during the discovery phase of this case. The sanction for a deponent’s failure to answer questions propounded is to seek an order from the trial court compelling discovery. LSA-C.C.P. Art. 1469. There was no evidence that the State sought such an order, and clearly it cannot be heard at trial on this issue. We therefore find that the State abandoned any objection it had to Haymon’s refusal to answer questions at a pre-trial deposition. Dubois, 466 So.2d at 1386.
Contrary to the respondent’s reading of this case, this Court finds no indication that the witness in the Dubois case was asked about previous arrests or charges in his deposition testimony. The issue before the Du-bois court was whether the witness’ trial testimony should be excluded because he refused to answer some questions in the course of his deposition. There is no mention of what those questions were. If there is any implication concerning the nature of the unanswered deposition questions, it is that they did not concern criminal charges as the court specifically stated that the State raised these as “alternative” issues, not related issues.
The pronouncement of the Dubois court was limited to a statement that the proper procedural device for raising the issue of a refusal to answer deposition questions was a motion to compel to be timely filed in the trial court pursuant to LSA-C.C.P. art. 1469. The Dubois court did not indicate how it would rule on the merits if it were to review a trial court ruling on such a motion, as it had no such ruling before it to review because the defendant had failed to file a motion to compel in the trial court.
In the instant case, the witness viewed an automobile accident to which she was not a party. Any questioning about the arrests of the witness is irrelevant and is not calculated to lead to the discovery of admissible evidence. LSA-C.C.P. art. 1422. No bias, interest, or corruption can be shown by questioning the witness about her arrests. Respondent has failed to advance any legitimate reason to compel the witness to answer questions about arrests much less any reason that would outweigh the witness’ right to privacy. Ouachita Nat. Bank In Monroe v. Palowsky, 554 So.2d 108 (La.App. 2 Cir.1989).
For the foregoing reasons the judgment of the trial court dated August 27, 1993 ordering Tina Fontenot to submit to a supplemental deposition for the purpose of answering questions relating to any possible arrests is reversed.

REVERSED.

. La.R.S. 15:495 has been repealed and is now incorporated in LSA-C.E. art. 609(F).